# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1579

_____

Izora Liggins,                                    *
                                                  *
        Plaintiff-Appellant,              *
                                                  *
   v.                                       *
                                                  *
International Association of Machinists           *
and Aerospace Workers; Lodge 837                  *
International Association of Machinists            *
and Aerospace Workers, International              *
Association of Machinists District 837;           *
McDonnell Douglas Corporation,                    *
                                                  *
        Defendants-Appellees.             *

_____

No. 98-1726

_____

Izora Liggins,                                    *
                                                  *
        Plaintiff-Appellee,               *
                                                  *
   v.                                       *
                                                  *
International Association of Machinists           *
and Aerospace Workers;                            *
                                                  *
        Defendant,                        *
                                                  *

Appeals from the United States
District Court for the Eastern
District of Missouri.

[UNPUBLISHED]

Lodge 837 International Association    *
of Machinists and Aerospace Workers,   *
International Association of Machinists   *
District 837;    *

             *

         Defendant-Appellant,    *

             *

McDonnell Douglas Corporation,    *

             *

         Defendant.    *

_____

No. 98-1966

_____

Izora Liggins,    *

             *

         Plaintiff-Appellee,    *

             *

    v.    *

             *

International Association of Machinists   *
and Aerospace Workers; Lodge 837    *
International Association of Machinists   *
and Aerospace Workers, International    *
Association of Machinists District 837;   *

             *

         Defendants,    *

             *

McDonnell Douglas Corporation,    *

             *

         Defendant-Appellant.    *

_____

Submitted:  March 9, 1999
Filed:  May 7, 1999

_____

Before FAGG, HEANEY, and WOLLMAN,[*] Circuit Judges.
_____

PER CURIAM.

Izora Liggins appeals the district court's adverse grant of summary judgment on a variety of employment-related claims in favor of McDonnell Douglas Corporation and Liggins's unions. Additionally, McDonnell Douglas Corporation challenges the district court's order that each party bear its own costs. Having reviewed the record and the parties' briefs, we see no error by the district court. We also conclude that an extended discussion is unnecessary in this fact-intensive case. We believe the district court correctly decided the issues, and we affirm without further discussion. See 8th Cir. R. 47B.

HEANEY, Circuit Judge, dissenting.

In my view the district court opinion ignores our recent decision in Rorie v. United Parcel Service, Inc., 151 F.3d 757, 762 (8th Cir. 1998), where under similar facts we reversed an adverse grant of summary judgment on the plaintiff's hostile work environment claim. Accordingly, I have no alternative but to dissent.

In Rorie, the plaintiff alleged that her supervisor repeatedly patted her on the back, brushed up against her, and told her that she smelled good. See id. at 759. We concluded that these allegations were sufficient for a jury to find that the plaintiff had been subjected to a hostile work environment. See id. at 762.

_____

[*]The Honorable Roger L. Wollman succeeded the Honorable Pasco M. Bowman as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the end of the day on April 23, 1999.

Liggins alleged the following behavior created a hostile work environment: her supervisor Tony Cartwright was overly friendly and made suggestive remarks about her clothes and hair. He asked her for dates several times and she rejected him, responding that she was happily married. Her supervisor Carl Bowers winked at her, commented about her dress, stated that he liked the way she talked, followed her around the plant floor, rubbed her back at a meeting, and brushed up against her in the aisle. This behavior is at least as egregious as that in Rorie.

Here, the district court with minimal analysis held that Liggins' allegations of sexually harassing behavior by her supervisors did not establish conduct sufficiently severe and pervasive to alter the conditions of her employment and create an abusive working environment under Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986). Rather, the district court characterized the alleged incidents as isolated or sporadic acts insufficient to state a claim of hostile work environment under Cram v. Lamson & Sessions Co., 49 F.3d 466, 474 (8th Cir. 1995). This was incorrect in light of Rorie, under which Liggins is entitled to remand for a jury trial on her claims. See 757 F.3d at 762.

Because Liggins presented sufficient allegations for a jury to determine that the behavior of her supervisors Cartwright and Bowers created a hostile work environment, I would remand for a trial on that narrow issue. Accordingly, I respectfully dissent.

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-